IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILES J. BRKOVICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 3:11-46 |
| v. ) | JUDGE KIM R. GIBSON |
| ) | |
| DYNACOM INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on Defendant Dynacom Industries, Inc.'s Motion to Strike (Doc. No. 6), which Plaintiff Brkovich opposes (Doc. No. 9). For the reasons that follow, the motion is **GRANTED in part** and **DENIED in part**.

### II. JURISDICTION AND VENUE

Plaintiff's *pro se* Complaint does not specifically allege that this Court has jurisdiction over the instant matter or that venue is proper in the Western District of Pennsylvania. (See Doc. No. 8). Upon review, however, the Court concludes that both jurisdiction and venue are proper. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff is seeking damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Johnstown, which is located in the Western District of Pennsylvania.

### III. BACKGROUND

On March 11, 2011, Plaintiff commenced the instant action by filing a *pro se* Complaint seeking unpaid wages, overtime pay, and liquidated damages pursuant to the FLSA. (See Doc.

1

8). Plaintiff attached copies of correspondence and other documents to the Complaint to support his claim. (See Doc. Nos. 8-2 through 8-6). On April 15, 2011, Defendant filed its motion to strike (Doc. No. 6) and supporting brief (Doc. No. 7) requesting that certain exhibits and portions of the Complaint be stricken as immaterial, impertinent, and scandalous. Plaintiff obtained counsel, who filed a brief in opposition to Defendant's motion on May 4, 2011. (See Doc. No. 9). The motion is now ripe for consideration.

## IV. STANDARD OF REVIEW

Defendant filed its motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Under Rule 12(f), the standard for striking portions of a complaint "'is strict and . . . only allegations that are so unrelated to the plaintiff['s] claims as to be unworthy of any consideration should be stricken.'" *Johnson v. Anhorn*, 334 F.Supp.2d 802, 809 (E.D. Pa. 2004) (quoting *Becker v. Chicago Title Ins. Co.*, Civ. A. No. 03-2292, 2004 U.S. Dist. LEXIS 1988, *18 (E.D. Pa. 2004)). Moreover, striking portions of a plaintiff's pleading is a "drastic remedy[,]" which should be used only when justice requires it. *Johnson*, 334 F.Supp.2d at 809 (quoting *United States v. Am. Elec. Power Serv. Corp.*, 218 F.Supp.2d 931 (S.D. Ohio 2002)) (quotations omitted); see also *DeLa Cruz v. Piccari Press*, 521 F.Supp.2d 424, 428 (E.D. Pa. 2007) (providing that while "motions to strike may save time and resources by making it unnecessary to litigate claims that will not affect the outcome of the case, motions to strike generally are disfavored"). Motions to strike are decided on the pleadings alone. *DeLa Cruz*, 521 F.Supp.2d at 429 (citing *North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F.Supp. 154, 159 (E.D. Pa. 1994)).

2

## V. DISCUSSION

Defendant advances two arguments in its motion to strike: (1) portions of the Complaint and exhibits that reference offers of compromise should be stricken as immaterial and impertinent; and (2) allegations that Defendant defrauded the Pennsylvania Department of Labor and Industry by proposing an illegal agreement should be stricken as scandalous. The Court will address each of these contentions in turn.

### A. Impertinent and Immaterial

Defendant first contends that because "compromises and offers of compromises are not admissible to prove liability for or invalidity of [a] claim or its amount" under Rule 408 of the Federal Rules of Evidence, portions of the Complaint and exhibits which reference such offers should be stricken as immaterial and impertinent.[1] (See Doc. No. 6 at ¶ 7).[2] Plaintiff concedes that certain exhibits must be stricken "since they contain offers to compromise a disputed claim and constitute immaterial and impertinent matters[,]" but asserts that the portion of the Complaint and the remaining exhibits identified by Defendant do not fall within the purview of Rule 408. (See Doc. 9 at 1-2). Specifically, Plaintiff claims that exhibits C – C.3 (Doc. No. 8-4), exhibit E (Doc. No. 8-6),[3] and the eight sentences of the Complaint Defendant seeks to strike are not offers of compromise. (See Doc. No. 9 at 2). Therefore, the Court must determine whether

---

[1] Immaterial matter is "that which has no essential or important relationship to the claim for relief[,]" and impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *US Investigations Servs., LLC v. Callihan*, Civ. A. No. 2:11-cv-0355, 2011 U.S. Dist. LEXIS 50506, *2 (W.D. Pa. 2011) (quoting *Del. Health Care Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-92 (D. Del. 1995)).

[2] Specifically, Defendant claims that the first eight sentences of paragraph IV of the Complaint and exhibits C, C.1, C.2, C.3, D, D.1, E, and E.1 should be stricken on this basis. (See Doc. No. 6-1).

[3] In his brief, Plaintiff actually claims that exhibits E, E.1, and E.3 should not be stricken. (See Doc. No. 9 at 2). The Court notes, however, that no exhibit labeled E.3 appears in the record, and that exhibits E and E.1 refer to the first and second pages of a single letter. (See Doc. No. 8-6). Thus, the Court will construe this portion of Plaintiff's brief as a contention that Doc. No. 8-6 does not constitute an offer of compromise, and the Court will hereinafter refer to that document as exhibit E.

3

these disputed exhibits and contested portion of the Complaint constitute offers of compromise, which, by Plaintiff's own concession, must be stricken from the Complaint.

Rule 408 of the Federal Rules of Evidence provides:

> (a) Prohibited uses.-- Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
>> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>>
>> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) Permitted uses.-- This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

FED. R. EVID. 408. As the Third Circuit has explained, Rule 408 "is designed to avoid one party using material against the party who submitted the material for settlement purposes." *WFD Partners, L.P. v. N. Star Steel Ky., Inc.*, 216 F. App'x 196, 200 n.1 (3d Cir. 2007) (quoting 2 Kenneth S. Brown et al., *McCormick on Evidence* § 266 (6th ed. 2006)).

Instantly, the Court agrees with Plaintiff's contention that exhibits C – C.3 and the contested sentences in the Complaint do not constitute offers of compromise, see Rule 408(a)(1), or statements made in compromise negotiations, see Rule 408(a)(2). Plaintiff, in these contested sentences and exhibits, does not furnish or offer to furnish valuable consideration to settle a claim. At most, these allegations and exhibits indicate Plaintiff's: (1) belief that he is entitled to compensation for a five week period in 2010; and (2) willingness to file a suit if Defendant does not pay him the wages he believes are owed. (See Doc. No. 8-4). Thus, these allegations and

4

exhibits do not fall under Rule 408. Exhibit E, on the other hand, contains Plaintiff's summary of the details of a settlement offer tendered by Defendant, (see Doc. No. 8-6), which is clearly inadmissible under Rule 408(a) to prove liability for or the amount of a claim.

Plaintiff has conceded that inadmissible evidence under Rule 408 of the Federal Rules of Evidence is impertinent and immaterial under Rule 12(f) of the Federal Rules of Civil Procedure, and that exhibits D and D.1 should therefore be stricken from the Complaint. The Court also concludes that exhibit E falls under Rule 408, but exhibits C – C.3 and the contested eight sentences of the Complaint do not. Thus, the Court will grant Defendant's motion in part by striking exhibits D, D.1, and E.

### B. Scandalous

Secondly, Defendant requests that this Court strike as scandalous Plaintiff's allegation that Defendant proposed an "illegal agreement" to split unemployment compensation benefits and "defraud[] the Pennsylvania Department of Labor and Industry." (See Doc. No. 6 at ¶ 8). Plaintiff urges the Court to conclude that the allegation is not scandalous. (See Doc. No. 9 at 3). A scandalous matter or pleading is "one that casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *US Investigations Servs., LLC*, 2011 U.S. Dist. LEXIS 50506 at *2 (quoting *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988)).

Here, Defendant contends that the following allegation in the Complaint should be stricken as scandalous:

> In paragraph two of Exhibit "D" the Defendant asks to [sic] Plaintiff to accept $5,000 and to not return unemployment compensation benefits that were allegedly received, essentially "splitting" such benefits and defrauding the Pennsylvania Department of Labor and Industry. The Plaintiff's refusal to accept this illegal agreement is attached hereto, marked Exhibit "E" and Exhibit "E.1" and made a part hereof.

5

(Doc. No. 7 at 3-4) (quoting Doc. No. 8 at 2). The Court concludes that this allegation is not scandalous. The allegation does not use repulsive language or detract from the dignity of the Court. Furthermore, the only way it derogates Defendant is by contending Defendant acted illegally, which is the basis of Plaintiff's underlying FLSA claim. The Court will not declare scandalous and strike from complaints every allegation that a defendant acted illegally or improperly. Instead, Defendant may properly respond by denying such allegations in its Answer. Thus, the Court will deny Defendant's motion to strike this portion of the Complaint as scandalous under Rule 12(f).

## VI. CONCLUSION

For the reasons stated above, Defendant's Motion to Strike (Doc. No. 6) is **GRANTED in part** and **DENIED in part**. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILES J. BRKOVICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:11-46 |
| | ) JUDGE KIM R. GIBSON |
| DYNACOM INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

AND NOW, this 10th day of November, 2011, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Defendant Dynacom Industries, Inc.'s Motion to Strike (Doc. No. 6) is **Granted in part** and **Denied in part**. Accordingly, the following exhibits attached to the Complaint are stricken from the record: (1) exhibits D and D.1 (Doc. No. 8-5); and (2) exhibit E (Doc. No. 8-6).

BY THE COURT:

_____
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE