IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILES J. BRKOVICH, ) | |
| ) | CIVIL ACTION NO. 3:11-46 |
| Plaintiff, ) | |
| ) | JUDGE KIM R. GIBSON |
| v. ) | |
| ) | |
| DYNACOM INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION OF COURT

### I.   SYNOPSIS

Presently before the Court is a Motion for Summary Judgment (Doc. 35) filed by Plaintiff Miles J. Brkovich ("Brkovich"). Brkovich contends that Defendant Dynacom Industries, Inc. ("Dynacom") owes him wages for uncompensated work performed during a five-week period between February 22, 2010 and March 26, 2010. For the reasons that follow, the Court will grant his motion and award damages in the amount of $6,294.00.

### II.   JURISDICTION

This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 because Brkovich is seeking damages under the Fair Labor Standards Act of 1938 (FLSA), ch. 676, 52 Stat. 1060 (codified as amended at 29 U.S.C. §§ 201-19 (2006)). Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Johnstown, Pennsylvania.

### III.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

This matter arises from a dispute between an employee and an employer concerning uncompensated labor performed over a five-week period. Dynacom employed Brkovich as a full-time employee between May 11, 2009 and September 15,

2010. (See Doc. 35, at 1). During Brkovich's employment, he earned $65,000 in yearly salary, amounting to $1,250 per week or $31.25 per hour. (See Doc. 35, at 1; Doc. 8, Compl., Ex. B). Between February 22, 2010 and March 26, 2010, Brkovich worked approximately nine hours per day, performing his duties as Chief Financial Officer. (See Doc. 35, at 1; Doc. 8, Compl., at 1 ¶ 2). Dynacom did not pay Brkovich during this period, (Doc. 35, at 1), although Brkovich allegedly collected unemployment benefits during this time (See Doc. 13, at 4 ¶ 8).[1]

On March 11, 2011, Brkovich commenced this action by filing a pro se Complaint, seeking unpaid wages, overtime pay, and liquidated damages pursuant to the FLSA. (See Doc. 8). Brkovich attached to the Complaint copies of correspondence with Dynacom representatives, among other documents, to support his claim. (See Docs. 8-2 through 8-6). On April 15, 2011, Dynacom filed a Motion to Strike (Doc. 6), requesting that certain exhibits and portions of the complaint be stricken as immaterial, impertinent, and scandalous. Brkovich obtained counsel, who filed a brief in opposition to Defendant's Motion to Strike on May 4, 2011. (See Doc. 9).

On November 10, 2011, the Court entered an order, striking from the record certain exhibits—specifically, Exhibits D and D.1 (Doc. 8-5) and Exhibit E (Doc. 8-6)— on ground that the material constituted inadmissible evidence of offers of compromise pursuant to Federal Rule of Civil Procedure 408. (See Doc. 12). Dynacom thereafter responded to the Complaint, contending that Brkovich was an exempt employee under the FLSA and that, during the five-week period in question, Brkovich was on "layoff" status and was therefore not entitled to compensation. (See Doc. 13, at 3 ¶ 3). Dynacom

---

[1] The issue of unemployment benefits will not be addressed in this Memorandum Opinion because neither party discusses or raises the issue in any of the documents before this Court.

further raised several cursory affirmative defenses in its Answer to the Complaint (Doc. 13), but none of these defenses have been raised since that time.[2] Aside from Dynacom's Motion to Strike the Complaint (Doc. 6) and its Answer to the Complaint (Doc. 13), Dynacom has not responded in this matter.

On December 13, 2011, Brkovich advised the Court that his attorney's law license had been suspended and that he would be continuing the litigation pro se. (See Doc. 15). During the IR 16 conference, the Court urged Brkovich to take further steps to obtain counsel, apprised him of the difficulties of proceeding pro se, but indicated that he was nevertheless permitted to continue unrepresented if he so desired. (See Doc. 19). A post-discovery conference was held on August 6, 2012, in which Brkovich failed to appear, and the Court ordered Brkovich to show cause why he should not be sanctioned for his failure to appear. On August 22, 2012, Dynacom's attorney filed a Motion to Withdraw Appearance (Doc. 29).

The Court granted counsel's motion to withdraw after Dynacom and its attorney were unable to compromise regarding the payment of legal fees. (See Doc. 38). A post-discovery conference was held on December 10, 2012, with Dynacom representatives Jeffrey Carr ("Carr") and Marshall Wingate ("Wingate") appearing in person. (See Doc. 40). At this time, the Court instructed Carr and Wingate that, because Dynacom is a corporation, it must be represented by an attorney. (See id.). Since then, Dynacom has not acquired counsel and has completely failed to participate in this litigation.

---

[2] Dynacom raised several affirmative defenses in its Answer, including that Brkovich failed to state a claim upon which relief can be granted, that Brkovich's claims were barred by the applicable statute of limitations, that Brkovich failed to mitigate damages, and that Brkovich has committed fraud. Dynacom raised 12 affirmative defenses in total.

3

Brkovich filed a Motion for Summary Judgment (Doc. 35) on October 15, 2012. Dynacom has not responded to the motion. Pursuant to Local Rule 56, the non-moving party must file opposition to a motion for summary judgment within 30 days of service, and alleged undisputed material facts set forth in the moving party's concise statement of material facts will be deemed admitted unless specifically denied by a separate concise statement filed by the opposing party. See Local Rule 56(c)(E). Because Dynacom has not filed a response to the Motion for Summary Judgment (Doc. 35), the Court will deem the facts presented in Brkovich's concise statement of material facts as admitted.

## IV. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." Melrose, Inc. v. Pittsburgh, 613 F.3d 380, 387 (3d Cir. 2010) (quoting Ruehl v. Viacom, Inc., 500 F.3d 375, 380 n.6 (3d Cir. 2007)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56(a).[3] Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those that will affect the outcome of the trial under governing law. Anderson, 477 U.S. at 248. The Court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009). "In making this determination, 'a court must view the facts in the light most favorable to the

---

[3] Rule 56 was revised in 2010. The standard previously set forth in subsection (c) is now codified as subsection (a). The language of this subsection is unchanged, except for "one word—genuine 'issue' bec[ame] genuine 'dispute.'" FED. R. CIV. P. 56 advisory committee's note, 2010 amend.

4

nonmoving party and draw all inferences in that party's favor.'" Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir. 2000) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading but "must set forth specific facts showing that there is a genuine issue for trial." Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 n.11 (1986)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." Coolspring Stone Supply v. Am. States Life Ins. Co., 10 F.3d 144, 148 (3d Cir. 1993).

## V. DISCUSSION

Brkovich claims that, pursuant to the FLSA, he is entitled to back pay, overtime wages, liquidated damages, filing fees, and attorney's fees for the five weeks of uncompensated work that he performed between February 22, 2010 and March 26, 2010. Dynacom primarily argues that Brkovich is exempt from the FLSA pursuant to the executive exemption set forth in 29 U.S.C. § 213 (2006). (See Doc. 13, at 4). Dynacom further responds that, if Brkovich is entitled to recover under the FLSA, he should not receive liquidated damages because, at all times, Dynacom has acted in good faith in complying with the FLSA. (See Doc. 13, at 4).

## A. Exemptions under the FLSA

The FLSA was enacted to "protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Arkansas Best Freight System, Inc., 450 U.S. 728, 739 (1981). The FLSA establishes the following minimum wage mandate:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
>
> (1) except as otherwise provided in this section, not less than—
>
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
>
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
>
> (C) $7.25 an hour, beginning 24 months after that 60th day;

29 U.S.C. § 206 (West 2006). The FLSA further provides for the payment of overtime wages above regular wages:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

Id. § 207(a)(1). Certain employees, however, are exempt from these requirements, including "any employee employed in a bona fide executive, administrative, or professional capacity." Id. § 213(a)(1). The FLSA does not define a "bona fide executive" and, instead, delegates this task to the U.S. Secretary of Labor.

In defining bona fide executive, the Secretary of Labor has promulgated 29 C.F.R. § 541.100(a), which provides:

> (a) The term "employee employed in a bona fide executive capacity" in section 13(a)(1) of the Act shall mean any employee:

6

(1) Compensated on a salary basis at a rate of not less than $455 per week . . .;

(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

(3) Who customarily and regularly directs the work of two or more other employees; and

(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100 (2013). It is the employer who bears the burden of proving that a purportedly exempt employee satisfies these requirements. See, e.g., Corning Glass Works v. Brennan, 417 U.S. 188, 196 (1974) (citations omitted) ("[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof.").

Dynacom has not responded to the motion for summary judgment and has put forth no facts to suggest Brkovich is exempt under the FLSA. When viewed in the light most favorable to Dynacom, there is no factual basis to conclude that Brkovich had a primary duty of managing the enterprise, that Brkovich customarily and regularly directed the work of two or more other employees, or that Brkovich had the authority to hire or fire employees. Because Dynacom must affirmatively prove Brkovich meets the definition of a "bona fide executive," the Court finds that Brkovich is a covered employee under the FLSA. The Court further finds that Dynacom did not pay Brkovich for the five weeks in question, thus violating Section 206 of the FLSA. Brkovich also worked 25 hours of overtime during this period. Dynacom has not opposed this allegation, and, thus, the Court finds that Dynacom also violated Section 207 of the Act.

### B. Damages under the FLSA

Given that no issue remains as to whether Brkovich is a covered employee under the FLSA or whether Brkovich performed five weeks of uncompensated labor for Dynacom, the Court now turns to the issue of damages. Section 216(b) of the FLSA provides that any employer who violates the minimum wage or maximum hour provisions of the Act "shall be liable to the employee or employees affected in the amount of their *unpaid minimum wages* or their *unpaid overtime compensation*, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). Brkovich is thus entitled to unpaid wages and overtime compensation under the Act, which the Court now addresses.

### i.  Unpaid Wages and Overtime

This Court has previously held that the FLSA does not create liability for unpaid, non-overtime compensation for an employee who was paid *at least the minimum wage*, even if the employee was paid less than his usual hourly rate. See Brothers v. Portage Nat'l Bank, No. 3:06–94, 2007 WL 965835, at *5 (W.D. Pa. Mar. 29, 2007) (emphasis added). Brkovich claims that he is owed $1,250 per week—his base salary—for five weeks of uncompensated work. However, pursuant to Section 206 of the FLSA, Brkovich is entitled only to a minimum wage of $7.25 an hour. See 29 U.S.C. § 206(a)(1)(C). A claim for regular wages above the amount set forth in Section 206 does not fall within the FLSA's purview and, instead, is enforceable only under Brkovich's employment contract. See Portage Nat'l Bank, 2007 WL 965834, at *5; Lopez v. Tri-State Drywall, Inc., 861 F. Supp. 2d 533, 536 (E.D. Pa. 2012); see also 29 C.F.R. § 778.322 (2013) ("In weeks in which no overtime is worked only the provisions of section

8

6 of the [FLSA], requiring the payment of not less than the applicable minimum wage for each hour worked, apply so that the employee's right to receive [salary above minimum wage] is enforceable only under his [employment] contract.").

Because Brkovich brings his suit pursuant to the FLSA, and is seeking statutory damages based on the FLSA provisions, the Court finds that Brkovich is *not* entitled to his base salary for those five weeks, as he suggests.[4] Rather, Brkovich is entitled to five weeks of **unpaid minimum wages**, calculated as follows: (40 hours per week) X ($7.75) X (5 weeks) = **$1,550.00**.

Pursuant to Section 207, Brkovich is also entitled to overtime compensation for hours worked in excess of the forty-hour work week "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Because Brkovich worked five hours of overtime per week—a fact that Dynacom does not dispute—the Court finds that Brkovich is owed 25 hours of unpaid overtime compensation at a rate equal to 1.5 times his regular rate.[5] The computation for **overtime compensation** is as follows: ($31.25 per hour) X (25 hours) X (1.5) = **$1,172**.

### ii. Liquidated Damages

When an employer violates Sections 206 and 207 of the FLSA, Section 216(b) provides for payment of liquidated damages in addition to unpaid minimum wages and

---

[4] Brkovich relies on 29 C.F.R. § 541.602 to argue that he is entitled to his full salary. That provision provides, in part, that "an exempt employee [under the FLSA] must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." 29 C.F.R. § 541.602 (2013). Brkovich cannot claim damages under the FLSA—which entitles him to unpaid minimum wages and overtime compensation—while, at the same time, claim that he is an exempt employee for purposes of the FLSA.

[5] 29 C.F.R. § 778.108 (2013) provides:
> The "regular rate" of pay under the [FLSA]cannot be left to a declaration by the parties as to what is to be treated as the regular rate for an employee; it must be drawn from what happens under the employment contract . . . . [I]t as the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed.

Brkovich earns $1,250.00 per week, which equals $31.25 per hour for a 40-hour work week.

9

unpaid overtime compensation. "Any employer who violates the provisions of . . . section 206 or section 207 . . . shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation, . . . and *in an additional equal amount as liquidated damages. . . .*" 29 U.S.C. § 216(b); e.g., Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 907 (3d Cir. 1991). Liquidated damages under the Act are compensatory in nature, not punitive. See, e.g., Marshall v. Brunner, 668 F.2d 748, 753 (3d Cir. 1982). "Congress provided for liquidated damages to compensate employees for losses they might suffer by reason of not receiving their lawful wage at the time it was due." Brunner, 666 F.2d at 753 (citing Overnight Motor Co. v. Missel, 316 U.S. 572, 583-84 (1942)).

Despite the Act's apparent mandatory language, the FLSA provides employers with a defense to the liquidated damages provision in Section 216(b). According to the Act, a district court has discretion to award no liquidated damages, or to award an amount of liquidated damages less than the amount provided by Section 216(b) if the employer "acted in good faith" and had "reasonable grounds" for believing that it was not violating the FLSA.[6] The employer has the "plain and substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a

---

[6] Section 260 of the FLSA provides:
    In any action . . . to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938 . . . , if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act . . . the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.
29 U.S.C. § 260 (West 2006).

compensatory verdict." Brunner, 668 F.2d at 753 (quoting Rothman v. Publicker Industries, 201 F.2d 618, 620 (3d Cir. 1953)).

In its Answer to the Complaint (Doc. 13), Dynacom argued that Brkovich is not entitled to liquidated damages because Dynacom had acted in good faith and on reasonable grounds that it had not violated the FLSA. However, Dynacom provides no evidence whatsoever upon which a finding of "good faith" or a finding of "reasonable grounds" could be made. When viewed in the light most favorable to Dynacom, the Court finds that there is no evidence calling into play the exercise of this Court's discretion to deny liquidated damages. Accordingly, Brkovich is entitled to an "equal amount" of unpaid minimum wages and overtime compensation as **liquidated damages**, calculated as follows: ($1,550.00 in wages) + ($1,172.00 in overtime) = **$2,722.00**.

### iii. Attorney's Fees Plus Costs of the Action

Finally, Brkovich seeks attorney's fees and filing fees. Pursuant to Section 216 of the FLSA, a prevailing plaintiff is entitled to recover "a reasonable attorney's fee, and costs of the action." 29 U.S.C.§ 216(b) (West 2006); see also Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981) ("To encourage employees to enforce their FLSA rights in Court, and thus to further the public policies underlying the FLSA, . . . Congress has permitted individual employees to . . . receive reasonable attorney's fees and costs."). The FLSA leaves no doubt that, "once a plaintiff has prevailed as to damages, attorney's fees and costs are mandatory remedies." Falzo v. Cnty. of Essex, CIV.A. 03-1922JLL, 2008 WL 2064811 (D.N.J. May 14, 2008); Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir.1985) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs").

Here, Brkovich is the prevailing plaintiff and is therefore entitled to recover a reasonable attorney's fee, plus costs of the action. Brkovich seeks recovery of a $350.00 filing fee and $500.00 paid to retain legal counsel in this matter. (See Doc. 35, Ex. E). Evidence in the record substantiates both of these alleged costs, and, thus, the Court will award Brkovich **$850.00 for attorney's fees and costs**.

## VI. CONCLUSION

For the reasons stated above, the Court concludes that there is no genuine issue as to any material fact and that Brkovich is entitled to judgment as a matter of law. The Court will grant Brokovich's Motion for Summary Judgment (Doc. 35) and, pursuant to 29 U.S.C. § 216(b), assess damages against Defendant Dynacom, Inc. in the following amounts:

(1) $1,550.00 (unpaid wages)

(2) $1,172.00 (unpaid overtime compensation)

(3) $2,722.00 (liquidated damages)

(4) $850.00 (attorney's fees and costs)

**TOTAL DAMAGES = $6,294.00**

An appropriate order will issue.

_____
KIM R. GIBSON
United States District Judge

Dated: September 20, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILES J. BRKOVICH, | ) |
| | ) CIVIL ACTION NO. 3:11-46 |
| Plaintiff, | ) |
| | ) JUDGE KIM R. GIBSON |
| v. | ) |
| | ) |
| DYNACOM INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

**NOW**, this 20th day of September, 2013, this matter coming before the Court on Plaintiff's Motion for Summary Judgment (Doc. 35), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that

1. The Motion for Summary Judgment (Doc. 35) is **GRANTED**;

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff Miles J. Brkovich and against Defendant Dynacom, Inc. for damages in the total amount of **$6,294.00**; and

3. After entry of judgment, the Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*/s/ Kim R. Gibson*
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**